THE STATE OF OHIO *v.* MARTINS FERRY EAGLES.

(No. 79-CR-B-331—Decided December 21, 1979.)

Belmont County Court, Northern Division.

*Mr. Edward G. Sustersic,* prosecuting attorney, and *Mr. Robert W. Quirk* for plaintiff.

*Malik, Malik, Knapp & Kigerl* and *Mr. John J. Malik, Jr.,* for defendant.

WHITE, J. This cause came on to be heard on the motion of defendant to suppress all physical evidence, and testimony relating thereto, which is contained in the inventory attached to the return of a search warrant, from introduction by the state on charges that defendant violated R. C. 2915.02 by operating a game of chance for profit, to-wit: slot machines.

Due to the nature of one of the grounds for suppression which will be more fully set out below, the presiding judge removed himself from this case and the undersigned was transferred from the Western Division Court and appointed acting judge in this cause.

The motion is before the court on the written memoranda of counsel. The pertinent facts are not in dispute and may be summarized as follows:

On January 5, 1979, a search warrant was issued to one "Herman Groman, Secret Service Officer, appointed by the Belmont County Prosecutor." Officer Groman was commanded to search the premises of defendant and to seize specifically described property which included slot machines and other gambling paraphernalia. A return of said warrant with accompanying inventory of property seized was timely made by Officer Groman.

Defendant seeks to suppress herein on two grounds:

(1) the search warrant was not directed to, nor executed by, a law enforcement officer; and

(2) the search warrant was not issued by a detached and neutral magistrate.

These matters will be considered in inverse order.

I. *The Detached and Neutral Magistrate*

The judge who issued the subject warrant had assumed office on January 1, 1979, prior to which he was an assistant prosecuting attorney assigned to this court. Defendant maintains that since the affidavit for the warrant reveals investigation of the defendant by the prosecuting attorney's office while the judge was still an assistant prosecutor, he, *ipso facto,* lost the neutrality and detachment necessary to properly issue the warrant. I disagree.

The warrant, on its face, indicates issuance by a presiding county court judge, and with respect to the neutrality and detachment of that judge is valid, prima facie. No evidence whatsoever was adduced as to the judge's involvement in or even knowledge of the investigation of the defendant and therefore, his neutrality and detachment in this instance are not tainted in the slightest. The cases cited by defendant are not on point in that they involve issuance of a warrant by a law

enforcement or prosecutorial official who held that capacity at the time of issuance.

II. *The Proper Law Enforcement Officer*

Defendant further maintains that a secret service agent, appointed by the prosecuting attorney, is not a proper official to whom a search warrant may be directed or by whom it may be executed. I agree.

Crim. R. 41 sets forth the law with respect to the issuance, execution and return of a search warrant within the state of Ohio. Sub-division (A) of this rule states as follows:

"*Authority to issue warrant.* A search warrant authorized by this rule may be issued by a judge of a court of record to search and seize property located within the court's territorial jurisdiction, upon the request of a prosecuting attorney or a law enforcement officer."

Subdivision (C) of Rule 41 states to whom the warrant may be delivered by stating:

"The warrant shall be directed to a law enforcement officer. It shall command the officer to search, within three days, the person or place named for the property specified."

The Criminal Rules define a law enforcement officer in the text of Rule 2:

" 'Law enforcement officer' means a sheriff, deputy sheriff, constable, municipal police officer, marshal, deputy marshal, or state highway patrolman, and also means any officer, agent, or employee of the state or any of its agencies, instrumentalities, or political subdivisions, upon whom, by statute, the authority to arrest violators is conferred, when such officer, agent or employee is acting within the limits of such statutory authority. The definition of 'law enforcement officer' contained in this rule shall not be construed to limit, modify, or expand any statutory definition, to the extent such statutory definition applies to matters not covered by the Rules of Criminal Procedure."

The appointment of a secret service officer is governed by R. C. 309.07 which states:

"The prosecuting attorney may appoint secret service officers whose duty it shall be to aid him in the collection and discovery of evidence to be used in the trial of criminal cases and matters of a criminal nature. Such appointment shall be

made for such term as the prosecuting attorney deems advisable, and subject to termination at any time by such prosecuting attorney."

A secret service officer appointed by the prosecuting attorney does not have statutory authority to arrest and thus is not a law enforcement officer under Crim. R. 2 for the purpose of receiving and executing a search warrant under Crim. R. 41. Therefore, the physical evidence seized under the authority of such a warrant was improperly obtained and must be suppressed.

III. *Scope of the Suppression*

Defendant seeks to further suppress any testimony "relating" to the physical evidence seized under the warrant. The scope of such a request is too broad.

Although any testimony relating to the physical evidence suppressed above which is an account of the actual execution and return of the invalid warrant is inadmissible as being the fruit of an improper search and seizure, the same principle would not necessarily apply to testimony relating to such physical evidence which is an account of the investigation prior to the issuance of the warrant in question.

Since no specific anticipated testimony was set forth in defendant's motion, such matters will be dealt with as they arise at trial in accordance with the ruling herein.

IV. *Dismissal of the Action*

Defendant's motion was captioned "Motion to Suppress and Dismiss" but no specific grounds for dismissal expressed nor may any be implied from the arguments propounded. Therefore, the motion to dismiss is denied.

*Judgment accordingly.*