I concur with the majority in finding that there is sufficient evidence to support the charges of possession and trafficking in cocaine and that the evidence for those charges is not against the manifest weight of the evidence. I also agree with the majority's finding that Freeman's mere refusal to provide a urine sample does not constitute the overt act required for concealment and, as such, that the evidence is insufficient to support the charge of tampering with evidence. However, I write separately to make note of some additional reasons as to why Freeman's conduct cannot constitute the offense of tampering with evidence.
 {¶ 29} In addition to the majority's finding on this issue, I would also note that a search warrant is an order to law enforcement and not to a defendant. Crim.R. 41(C); State v. Ferry Eagles (1979), 62 Ohio Misc. 3,5. I would disagree with the State's contention that a search warrant compels a defendant to act. Rather, based on Crim.R. 41(C), a search warrant directs a law enforcement officer to act. Finally, I note that, even where a warrant is valid, it must nevertheless be executed in reasonable manner, which is not unduly invasive or abhorrent. See, Statev. Applebury (1987), 34 Ohio App.3d 376; State v. Davies (Jan. 8, 1986), 1st Dist. Nos. C-850112, C8-50113, C-850128 C-850129. Therefore, I would warn against the use of extreme methods for executing a search warrant such as catheterization.
 {¶ 30} Based on the foregoing, I concur with the majority in affirming the convictions for possession and trafficking and reversing the conviction for tampering.